Thursday, October 13. The Judges delivered their opinions.
Judge Tucker..
Tl'á'.si was an injunction to a judgment at law. The Chancelkir, on a motion for that pwpose, *617 dissolved the injunction; but at another day reinstated it> and directed a new trial, and that the verdict should be certified to the Court of Chancery. From this order an appeal was taken.
The verdict not having been set aside altogether, but only a new trial directed, in order to inform the conscience of the Chancellor, I am of opinion that the right was not so far determined as to authorise an appeal; and that this appeal should now be dismissed as having been prematurely allowed.
Judge Roane.
This is an appeal from an order of the Court of Chancery, reinstating an injunction, which had been dissolved, and directing another trial of the issue, in the action at law, in which the judgment enjoined was rendered.
I presume that so much of this order as reinstates the injunction, is as little the subject of an appeal, as an order granting an injunction; and in that case, the allowance of the injunction by the Judge neither affirms nor disaffirms the right of the defendant to avail himself of his judgment at law, but merely suspends the effect of such judgment, until the further order of the Court, or until the matter can be heard in equity. That case, therefore, does not come within the act of 1798,(a) which extends only to cases, where a decision upon “ the right claimed,” shall have been given, although a final decree has not been rendered in the cause. It is a solecism to say, that an appeal lies for the purpose of correcting an erroneous opinion of an inferior Court, in a case, in which, in fact, no decision has been given. Neither is the case otherwise, in relation to that part of the order, which directs another trial of the issue. This award of a new trial has no manner of effect upon the rights of either party; but is only preparatory to a decision thereupon, to be afterwards rendered. It is not by virtue of the award of the new trial, but in consequence of the granting or reinstating the injunction, that the right *618 of the defendant is affected: but that right is affected (as is before said) by no decree, affirming or disaffirming the same, but only by an order enjoining or suspending it.
I ■ am therefore of opinion, that the Court of Chancery had no right to grant, nor this Court to entertain, this appeal, but that it ought to be dismissed, and the cause sent back to be proceeded in.
Judge Fleming said, it was the unanimous opinion of the Court, that the appeal had been prematurely allowed,, •and ought to be dismissed,

 Rev. Code, vol. 1. c. 223. p. 375.